UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANDREW BERNHARDT, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 4:14 CV 1341 CDP |
| | ) |
| DANIELLE R. STAATS, et al., | ) |
| | ) |
| Respondents. | ) |

# MEMORANDUM AND ORDER

Petitioner Andrew Bernhardt brings this habeas corpus action under 28 U.S.C. § 2254 challenging the sufficiency of the evidence supporting his State court convictions for aggravated stalking and armed criminal action. To support his claim that the evidence was insufficient to support his conviction for armed criminal action, Bernhardt breaks down his argument into two parts: (1) that no reasonable jury could find from witness David Packman's testimony that Packman saw him with a gun inside his vehicle, and (2) that the mere possession and/or loading of a firearm does not constitute an offense under the armed criminal action statute. (ECF #2, amended petition, at pp. 7-8.) Although part (1) appears to be procedurally defaulted, respondents did not raise procedural default as a defense. For the following reasons, I will provide the parties an opportunity to address part (1) of this claim to the extent it may be considered procedurally defaulted.

The State court file shows that on direct appeal of his conviction, Bernhardt challenged the sufficiency of the evidence as to his armed criminal action conviction but based his claim on only the factual basis asserted in part (2) of the claim raised in his amended habeas petition.  He did not include in his State court claim the factual basis raised in part (1), that is, that no jury could find from the testimony of witness David Packman that he had a gun inside his vehicle.  Given that this factual basis was never raised in State court, it appears that this part of Bernhardt's federal habeas claim is procedurally defaulted.  *See Picard v. Connor,* 404 U.S. 270 (1971) (to avoid procedural default, claim in State court must contain the same factual grounds and legal theories as asserted in the federal habeas petition); *Abdullah v. Groose,* 75 F.3d 408, 411 (8th Cir. 1996) (same).

In response to Bernhardt's habeas claim challenging his armed criminal action conviction, respondents addressed only part (2) of the claim, arguing that I should defer to the decision of the Missouri Court of Appeals on the claim's merits.  They did not argue procedural default with respect to part (1) of the claim and indeed did not address in any respect the factual basis that appears to be defaulted.  Not faced with a defense of procedural default on this aspect of his claim, Bernhardt did not invoke any exceptions to the procedural bar in his Reply brief with respect to the claim.

I may not address *sua sponte* a defense of procedural default without

providing the parties fair notice and an opportunity to present their positions. *Dansby v. Hobbs*, 766 F.3d 809, 824 (8th Cir. 2014). I will therefore provide an opportunity for Bernhardt to address the procedurally defaulted aspect of his claim, and respondents shall have an opportunity to respond.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner Andrew Bernhardt shall have to and including **August 30, 2017**, by which to file a supplemental memorandum addressing Ground 2 of his amended petition for writ of habeas corpus to the extent that the factual basis raised in part (1) of the claim, as described above, may be procedurally barred from federal habeas review. Respondents shall have until **September 11, 2017,** to respond to Bernhardt's supplemental memorandum.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 17th day of August, 2017.