UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ANDREW BERNHARDT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:14 CV 1341 CDP |
| | ) | |
| DANIELLE R. STAATS, et al., | ) | |
| | ) | |
| Respondents. | ) | |

# MEMORANDUM AND ORDER

Petitioner Andrew Bernhardt brings this petition for writ of habeas corpus under 28 U.S.C. § 2254 claiming that there was insufficient evidence to support his convictions for aggravated stalking and armed criminal action. Because I do not have jurisdiction to consider Bernhardt's challenge to his aggravated stalking conviction, and his challenge to the armed criminal action conviction is without merit, I will deny the petition.

## Procedural Background

After a jury in the Circuit Court of St. Louis County, Missouri, convicted Bernhardt of one count of aggravated stalking and one count of armed criminal action, Bernhardt was sentenced on June 2, 2010, to terms of four years' and five years' imprisonment, respectively, with the sentences ordered to be served concurrently. (Resp. Exh. B at 27-31.)

Bernhardt appealed his convictions to the Missouri Court of Appeals, arguing that: 1) the evidence was insufficient to show that he communicated a credible threat to the victim, as required to sustain a conviction for aggravated stalking; 2) the statute defining the criminal offense of aggravated stalking was unconstitutionally vague; and 3) the evidence was insufficient to sustain a conviction for armed criminal action because merely holding a gun without pointing or displaying it to or at the victim, his family, or his house does not meet the statutory definition of committing the underlying offense "by, with, or through the use, assistance, or aid" of a deadly weapon. (Resp. Exh. C.) The Missouri Court of Appeals affirmed Bernhardt's convictions on March 1, 2011. *State v. Bernhardt*, 338 S.W.3d 830 (Mo. Ct. App. 2011).

Bernhardt thereafter filed a motion for post-conviction relief under Missouri Supreme Court Rule 29.15, challenging the assistance of counsel both at trial and on direct appeal. (Resp. Exh. G at 79-129.) The trial court denied the motion without an evidentiary hearing. (*Id.* at 155-65.) On August 27, 2013, the Missouri Court of Appeals affirmed the denial of post-conviction relief. *Bernhardt v. State*, 412 S.W.3d 359 (Mo. Ct. App. 2013) (order) (per curiam).

When Bernhardt was sentenced in June 2010, he was given 312 days' jail-time credit on both sentences. (Resp. Exh. L.) Bernhardt's four-year sentence for aggravated stalking therefore expired July 31, 2013. His five-year sentence for

armed criminal action expired July 31, 2014. (*Id.*)

Bernhardt filed his original petition for writ of habeas corpus on July 30, 2014. He amended the petition on August 5, 2014.

## Proper Party Respondent

When Bernhardt filed his original habeas petition on July 30, 2014, he was no longer under any physical restraint on either conviction. His sentence for aggravated stalking had expired, and he was on parole for armed criminal action. His sentence for armed criminal action, however, expired one day after he filed his original petition and five days before he filed his amended petition.

In his original petition, Bernhardt named as respondents Danielle R. Staats (his then-current parole officer) and the Missouri State Attorney General. In his amended petition, Bernhardt continued to name Staats and the Missouri State Attorney General as respondents, but he also added the Missouri Board of Probation and Parole as a respondent. When he filed this amended petition, however, the sentence for which he was on parole had fully expired and he was no longer on parole. Accordingly, Staats and the Board were improperly named as respondents in this amended petition, and I will dismiss them from this action.[1]

For reasons stated later in this opinion, I consider Bernhardt's challenge to his armed criminal action conviction to continue to be ripe for review despite his

---

[1] *See* Rule 2(b), Rules Governing Section 2254 Cases in the United States District Courts, Advisory Committee Notes, 1976 Adoption, Subdivision (b)(2).

sentence having expired. Since Bernhardt seeks relief from the effects of this conviction, the appropriate respondent in this action is the Missouri State Attorney General.[2]

**Grounds for Relief**

In his amended petition for writ of habeas corpus, Bernhardt raises the following grounds for relief:

(1) That there was insufficient evidence to support his conviction for aggravated stalking; and

(2) That there was insufficient evidence to support his conviction for armed criminal action because: (a) no reasonable jury could find from the witness's testimony that the witness saw Bernhardt with a gun inside his vehicle, and (b) the mere possession and/or loading of a firearm does not constitute an offense under the armed criminal action statute.

In response, respondent contends that I do not have jurisdiction to consider the claim raised in Ground 1 of the petition because Bernhardt was not in custody on the relevant conviction when he filed this action. As to Ground 2, respondent argues that the Missouri Court of Appeals properly found there to be sufficient evidence to support Bernhardt's conviction for armed criminal action, and that I should defer to this determination.

**Jurisdiction**

Federal courts have jurisdiction to consider habeas petitions from persons

---

[2] *See id.* at Subdivision (b)(3).

who are in custody in violation of the Constitution, laws, or treaties of the United States. At the time a habeas petitioner brings his petition, however, he must be in custody under the conviction or sentence he seeks to attack. *Maleng v. Cook*, 490 U.S. 488, 491 (1989). Where a sentence imposed on a conviction has fully expired at the time the petition is filed, the petitioner is no longer "in custody" under that conviction. *Id.* at 491-92. In circumstances where, as here, a petitioner files a habeas petition while serving the longer of concurrent terms of imprisonment after the shorter sentence has expired, the petitioner is in custody on the conviction for which he is serving the longer sentence but is no longer in custody on the conviction for which he received the shorter, expired sentence. *See Mays v. Dinwiddie*, 580 F.3d 1136, 1140-41 (10th Cir. 2009).

In his first ground for relief here, Bernhardt challenges the sufficiency of the evidence supporting his conviction for aggravated stalking. However, when Bernhardt filed this habeas action in July 2014, his four-year sentence on this conviction had already expired. He therefore was no longer in custody under his conviction for aggravated stalking when he filed his petition, which results in my having no jurisdiction to entertain his claim challenging that conviction. *Maleng*, 490 U.S. at 491-92; *Mays v. Dinwiddie*, 580 F.3d 1136 (10th Cir. 2009); *Sweet v. McNeil*, 345 F. App'x 480 (11th Cir. 2009).

Bernhardt concedes that his sentence for aggravated stalking had expired,

but he argues that he nevertheless satisfies the "in custody" requirement on this conviction because he remained in custody on and was challenging his conviction for armed crimination action, for which he claims he received an enhanced sentence because of the aggravated stalking conviction. Relying on *Lackawanna Cnty. Dist. Attorney v. Coss*, 532 U.S. 394 (2001), Bernhardt argues that because his conviction for aggravated stalking adversely affected his conviction and sentence for armed criminal action, his habeas challenge to the armed criminal action conviction extends to the underlying conviction that provided the basis for the enhancement. Bernhardt misreads *Lackawanna*.

In *Lackawanna*, the Supreme Court answered *in the negative* the question of whether an expired State conviction may be subject to challenge in an attack upon a current sentence that was enhanced by that prior conviction. The Court clearly held that "once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid." 532 U.S. at 403. The constitutionality of that conviction may not be challenged through a habeas petitioner's attack on an existing sentence that may have been affected by that conviction. *Id.* at 403-04. While *Lackawanna* carves out two exceptions to this rule, namely 1) the failure to appoint counsel in the underlying criminal case, and 2) where the federal habeas

court is the first and only forum available to conduct this constitutional review, *id.* at 404-06, Bernhardt does not meet either of these exceptions.[3]

At the time Bernhardt filed this petition for writ of habeas corpus, his conviction and sentence for aggravated stalking was no longer open to direct or collateral attack. It is therefore regarded as conclusively valid and is not subject to review merely on the basis that it may have affected a conviction currently open to attack. Because Bernhardt was no longer in custody under his conviction for aggravated stalking when he filed this habeas action, I have no jurisdiction to entertain his claim challenging that conviction.

Bernhardt's sentence for armed criminal action had not yet expired when he filed his original petition, and I find that his amended petition – filed after the expiration of this sentence – sufficiently relates back such that I will consider it filed as of the date of the original petition. Accordingly, Bernhardt was in custody on his conviction for armed criminal action when he filed this habeas action, and I have jurisdiction to consider his claim directed to it. Although his sentence has since expired, his challenge to that conviction is not moot, given the presumption

---

[3] In his reply brief, Bernhardt refers to the Supreme Court's discussion of the second exception to support his argument that I have jurisdiction to review his expired aggravated stalking conviction because of its adverse effect on his armed criminal action conviction. (*See* Petr.'s Reply, ECF #13 at pp. 2-3.) However, because this federal habeas court is not the first and only forum in which Bernhardt could have challenged his conviction for aggravated stalking – and indeed, he raised constitutional challenges to this conviction in State court – the second exception to *Lackawanna* does not apply here.

that a wrongful criminal conviction has continuing collateral consequences. *Cf. Spencer v. Kemna*, 523 U.S. 1, 7-8 (1998); *Carafas v. LaVallee*, 391 U.S. 234, 237-38 (1968).

**Sufficiency of the Evidence / Armed Criminal Action**

In his second ground for relief, Bernhardt contends that the evidence presented at trial was insufficient to sustain his conviction for armed criminal action, arguing (a) that witness David Packman's testimony provided an insufficient basis upon which the jury could find that he had a gun in his car, and (b) that merely possessing or loading a gun is insufficient to constitute armed criminal action.

Witness Testimony

Bernhardt first argues that witness David Packman's testimony provided an insufficient basis upon which the jury could find that Bernhardt had a gun in his vehicle. Bernhardt specifically contends that the combination of the lighting conditions and the distance between his car and the window from which Packman purportedly observed him would make it nearly impossible for Packman to have been able to see into his car and to see a gun. Bernhardt did not raise these factual averments in State court, however, in pursuing his claim of insufficiency of the evidence. (Resp. Exh. C.) This portion of Bernhardt's second ground for relief,

therefore, is defaulted.[4]

A claim must be presented at each step of the judicial process in State court in order to avoid procedural default. *Jolly v. Gammon*, 28 F.3d 51, 53 (8th Cir. 1994). To be fairly presented, the claim in State court must contain the same factual grounds and legal theories as asserted in the federal habeas petition. *Picard v. Connor,* 404 U.S. 270 (1971); *Palmer v. Clarke,* 408 F.3d 423, 430, (8th Cir. 2005); *Forest v. Delo*, 52 F.3d 716, 719 (8th Cir. 1995). *See also see Ward v. Norris*, 577 F.3d 925, 935-36 (8th Cir. 2009) (federal habeas claim cannot be based on different facts than those presented to the State court). Mere similarity in claims is insufficient. *Abdullah v. Groose*, 75 F.3d 408, 412 (8th Cir. 1996) (citing *Duncan v. Henry*, 513 U.S. 364 (1995) (per curiam)).

Here, Bernhardt argued on direct appeal that the evidence was insufficient to support his conviction for armed criminal action. The sole factual basis of this claim on direct appeal, however, was that mere possession or loading of a firearm without pointing it at or displaying it to the victim, his family, or his household cannot constitute armed criminal action. This factual basis is substantially different from that raised here – that David Packman's trial testimony was suspect given the lighting and distance factors in the case.

---

[4] Because respondent did not address the procedurally defaulted aspect of this claim, I raised the issue and provided Bernhardt the opportunity to present his position as to procedural default. (*See* Order, ECF #15.)

Bernhardt failed to assert the witness testimony aspect of his sufficiency of the evidence claim on direct appeal in State court. That factual aspect of the claim is therefore procedurally barred from review by this Court unless Bernhardt can show cause for his default and actual prejudice resulting from the alleged unconstitutional conduct, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 731-32, 750 (1991). Bernhardt argues that he included these factual averments in this habeas petition to place in context his otherwise preserved claim challenging the sufficiency of the evidence. He contends that while he poorly rephrased his claim that was raised in State court, the overall claim of insufficiency of the evidence should not be considered defaulted.

I do not consider Bernhardt's claim of insufficiency of the evidence to be defaulted *in toto*. To the extent Bernhardt seeks habeas relief on the facts asserted here, however – that Packman's testimony was insufficient to support his conviction because of lighting and distance – it is only this factual basis that I may not review because of Bernhardt's failure to raise it in State court. To the extent Bernhardt raises in this petition the same factual basis as raised in State court to support his claim of insufficiency of the evidence, I consider that aspect of the claim on the merits later in this opinion.

Accordingly, to the extent Bernhardt contends that witness David Packman's

testimony provided an insufficient basis upon which the jury could find that Bernhardt had a gun because of lighting conditions and distance, the factual basis of this claim is procedurally barred from federal habeas review because of Bernhardt's failure to include it in his claim raised on appeal in State court. Bernhardt has neither asserted nor shown cause for his failure to raise this factual basis in State court, nor has he presented any new reliable evidence of his actual innocence to invoke the fundamental miscarriage of justice exception. *Schlup v. Delo*, 513 U.S. 298, 316 (1995) ("Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim."). Therefore, my refusal to entertain this procedurally defaulted aspect of the claim raised in Ground 2 will not result in a fundamental miscarriage of justice.

Accordingly, the claim raised in Ground 2(a) is procedurally barred from federal habeas review and will be denied.

<u>Mere Possession of or Loading a Firearm</u>

Bernhardt also contends that the mere holding of a gun in his hand, with nothing more, is insufficient to constitute armed criminal action. Because Bernhardt raised this aspect of his claim on direct appeal, and the Missouri Court of Appeals denied relief on the merits, I may address the claim here, exercising

limited and deferential review. 28 U.S.C. 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

*Legal Standard*

Under 28 U.S.C. § 2254(d), when a claim has been adjudicated on the merits in State court, a federal court may not grant an application for writ of habeas corpus unless the State court's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

Under subsection (1),

> The "contrary to" clause is satisfied if a state court has arrived at a conclusion opposite to that reached by [the Supreme Court] on a question of law or confronts facts that are materially indistinguishable from a relevant Supreme Court precedent but arrives at the opposite result. A state court "unreasonably applies" clearly established federal law when it identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. A case cannot be overturned merely because it incorrectly applies federal law, for the application must also be "unreasonable."

*Shafer v. Bowersox*, 329 F.3d 637, 646-47 (8th Cir. 2003) (internal quotation marks and citations omitted) (alterations in *Shafer*).

Under subsection (2), factual determinations of a State court "shall be

- 12 -

presumed correct" and a petitioner must rebut such determinations by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1). "[A] state court decision involves 'an unreasonable determination of the facts in light of the evidence presented in state court proceedings,' only if it is shown by clear and convincing evidence that the state court's presumptively correct factual findings do not enjoy support in the record." *Lomholt v. Iowa*, 327 F.3d 748, 752 (8th Cir. 2003) (quoting 28 U.S.C. § 2254(d)(2)). *See also Boyd v. Minnesota*, 274 F.3d 497, 501 n.4 (8th Cir. 2001).

I am "bound by the AEDPA [Antiterrorism and Effective Death Penalty Act] to exercise only limited and deferential review of underlying state court decisions." *Lomholt*, 327 F.3d at 751. For me to grant habeas relief under this standard, Bernhardt must show that the challenged State court ruling "rested on 'an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Metrish v. Lancaster*, 569 U.S. 351, ___, 133 S. Ct. 1781, 1786-87 (2013) (quoting *Harrington v. Richter*, 562 U.S. 86, 102-03 (2011)). This standard is difficult to meet. *Metrish*, 133 S. Ct. at 1786.

*Discussion*

At the time Bernhardt's conviction became final, the law was clearly established that when reviewing a claim challenging the sufficiency of the evidence, "the relevant question is whether after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the

essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). "Once a defendant has been found guilty of the crime charged, the factfinder's role as weigher of the evidence is preserved through a legal conclusion that upon judicial review *all of the evidence* is to be considered in the light most favorable to the prosecution." *Id*. (emphasis in original). When applying this standard, the scope of review is extremely limited. A reviewing court "must presume that the trier of fact resolved all conflicting inferences in the record in favor of the state, and [it] must defer to that resolution." *Whitehead v. Dormire*, 340 F.3d 532, 536 (8th Cir. 2003) (internal quotations marks and citations omitted).

Because I review Bernhardt's claim in the habeas context, I may grant relief only if the Missouri Court of Appeals' conclusion that the evidence satisfied the *Jackson* standard was both incorrect and unreasonable. *See Cole v. Roper*, 623 F.3d 1183, 1187 (8th Cir. 2010); *see also Skillicorn v. Luebbers*, 475 F.3d 965, 977 (8th Cir. 2007) (recognizing the scope of review of the State court's determination of whether evidence was sufficient is "extremely limited"). For the following reasons, the court of appeals' decision was neither.

Under Mo. Rev. Stat. § 571.015.1, "any person who commits any felony under the laws of this state by, with, or through the use, assistance, or aid of a dangerous instrument or deadly weapon is also guilty of the crime of armed

criminal action[.]" Bernhardt argues that the evidence shows that he merely possessed a firearm, and that possession of a firearm without actual use is insufficient to sustain a conviction under the armed criminal action statute.

On direct appeal, the Missouri Court of Appeals summarized the relevant evidence adduced at trial and noted it to show the following: Bernhardt drove to the victim's house at 3:00 a.m., where he was observed by David Packman (David),[5] the victim's son, to shift between reverse and drive several times on the street in front of the house, as if attempting to parallel park. David observed this occurrence from his second-story bedroom. After a minute or two, Bernhardt drove away. He returned a couple of minutes later and parallel parked. He stayed in the car and drove away about five minutes later. After ten more minutes had passed, Bernhardt again drove to the victim's house and stopped his car in the middle of the street, after which it appeared to David that Bernhardt loaded a gun while sitting in the front seat of his car. When a patrol car came, Bernhardt sped away. About ninety minutes later, Bernhardt returned to the street in front of the victim's house, got in and out of his car three or four times, and was observed by David to be carrying what appeared to be a handgun. Bernhardt never stepped onto the victim's property, and he eventually left. The police stopped Bernhardt a few blocks away and seized from his vehicle a gun case that contained a loaded

---

[5] The victim was Dr. Paul Packman. To avoid confusion, I will refer to his son as "David" in this part of the memorandum. No disrespect is intended.

handgun.  *Bernhardt*, 338 S.W.3d at 832.

Bernhardt was convicted of aggravated stalking in relation to this incident, which, at the time of Bernhardt's conviction, required the jury to find that he purposely, through his course of conduct, harassed or followed with the intent of harassing another person and made a credible threat.  Mo. Rev. Stat. § 565.225.3(1).  "A 'credible threat' is a threat communicated with the intent to cause the person who is the target of the threat to reasonably fear for his or her safety, or the safety of his or her family, or household members."  Mo. Rev. Stat. § 565.225.1(2).  The Missouri Court of Appeals found that Bernhardt's actions of loading his handgun and stepping out of his vehicle in front of the victim's residence with the gun in hand "comprised precisely the credible threat causing David to fear for his safety and that of other household members.  In short, the gun was the threat."  *Bernhardt*, 338 S.W.3d at 835.  The court of appeals therefore found the evidence adduced at trial to be sufficient to support Bernhardt's conviction for armed criminal action.  *Id.*

A State appellate court's conclusion that the evidence was sufficient to support a criminal conviction is entitled to great deference by a federal court.  *Jackson*, 443 U.S. at 323.  "[W]hether the record contains sufficient evidence to establish each element of the crime beyond a reasonable doubt 'is everyday business for the state courts, grist for their mill, and it will be a rare case in which a

federal court on habeas will disagree with them.'" *Cassell v. Lockhart*, 886 F.2d 178, 179 (8th Cir. 1989) (quoting *Moeller v. Attorney Gen. of S.D.*, 838 F.2d 309, 310 (8th Cir. 1988)).

According due deference to the court of appeals' determination, I agree that there was sufficient evidence to support the conviction. The victim's son saw Bernhardt load a handgun while parked in front of his house and later exit his vehicle with the loaded gun in his hand. This all occurred after the son saw Bernhardt drive and park (or attempt to park) on the street in front of his house on several occasions within the span of two hours in the middle of the night. While Bernhardt did not point or display the weapon directly at anyone or in the direction of the house, a trier of fact could reasonably find in the circumstances of the case that the gun itself constituted the "credible threat" that gave rise to the aggravated stalking. It necessarily follows, then, that this threat – that is, the visible and known presence of a loaded gun – was made "by, with, or through the use, assistance or aid of a deadly weapon." *Contra State v. Reynolds*, 819 S.W.2d 322 (Mo. banc 1991) (evidence insufficient to support armed criminal action conviction where the knife was found in a sheath hooked inside the defendant's boot, never left the boot, and the victims were unaware of its presence).

The court of appeals' determination that there was sufficient evidence to support Bernhardt's conviction for armed criminal action is supported by the

record and entitled to deference. I am not aware of any "clearly established Federal law, as determined by the Supreme Court of the United States" of which the court's decision runs afoul, nor has Bernhardt demonstrated such. Therefore, it cannot be said that the State court's determination "resulted in a decision that was contrary to, or involved an unreasonable application of," clearly established federal law. 28 U.S.C. § 2254(d)(1). Nor has Bernhardt shown that the court's resolution of his claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

Accordingly, Bernhardt's challenge to the sufficiency of the evidence as raised in Ground 2(b) of his petition will be denied.

### Certificate of Appealability

Under 28 U.S.C. § 2253, an appeal may not be taken to the court of appeals from the final order denying habeas relief in a § 2254 proceeding unless a circuit justice or judge issues a Certificate of Appealability. 28 U.S.C. § 2253(c)(1)(A). To grant such a certificate, the justice or judge must find a substantial showing of the denial of a federal constitutional right. 28 U.S.C. § 2253(c)(2); *see Tiedeman v. Benson,* 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *Cox v. Norris,* 133 F.3d 565,

569 (8th Cir. 1997). I find that reasonable jurists could not differ on any of Bernhardt's claims, so I will deny a Certificate of Appealability on all claims.

Accordingly,

**IT IS HEREBY ORDERED** that respondents Danielle R. Staats and the Missouri Board of Probation and Parole are dismissed from this action.

**IT IS FURTHER ORDERED** that Andrew Bernhardt's petitions for writ of habeas corpus pursuant to 28 U.S.C. § 2254 [1] [2] are denied.

**IT IS FURTHER ORDERED** that a Certificate of Appealability will not issue in this action because petitioner has not made a substantial showing of a denial of a constitutional right.

A separate Judgment is filed herewith.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 21st day of September, 2017.